LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3184 GAF (Ex) | Date | July 21, 2008 |
|---|---|---|---|
| Title | Chandler v. State Farm Auto. Ins. Co. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Michele Murray | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     **(In Chambers)**

### ORDER TO SHOW CAUSE

Plaintiff Stuart Chandler ("Plaintiff") filed a CAFA action against Defendant State Farm Auto. Ins. Co. ("Defendant") alleging that Defendant engages in a pattern and practice of violating California's "make whole" rule requiring that an insured who suffers a loss must be "made whole" before his insurer may enforce its subrogation claim. (Compl. ¶ 10.) The present allegations in the Complaint, however, are insufficient to invoke the Court's jurisdiction.

The Complaint only alleges that Plaintiff is a "resident" of California. (Compl. ¶ 1.) Residency and citizenship, however, are two different inquiries. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (residence and citizenship are not synonymous for diversity purposes). Moreover, the Complaint only alleges that Defendant is a corporation organized under the state laws of Illinois (Compl. ¶ 3), but fails to allege Defendant's principal place of business. A corporation is both a citizen of its state of incorporation *and* the state of its principal place of business. See 28 U.S.C. § 1332(c)(1). Plaintiff must properly allege his own citizenship as well as the citizenship of Defendant.

Furthermore, there are certain scenarios under CAFA where the Court may, and in some cases must, decline to exercise jurisdiction. See 28 U.S.C. §§ 1332(d)(3) and (d)(4). These scenarios arise when, among other things, greater than one-third of the proposed class of Plaintiffs are citizens of the state in which the action was brought. Id. The proposed class in this case consists of "[a]ll California insureds of State Farm with car rental expenses coverage who incurred car rental expenses as a result of a loss covered by their State Farm policies and who were not made whole prior to State Farm enforcing its subrogation claims . . . ." (Compl. ¶ 32.)

**LINK:  1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3184 GAF (Ex) | Date | July 21, 2008 |
|---|---|---|---|
| Title | Chandler v. State Farm Auto. Ins. Co. | | |

As such, it seems likely that more than one-third of the proposed class will be from California, potentially triggering 28 U.S.C. §§ 1332(d)(3) or (d)(4).

      Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** by the close of business on **Friday, August 22, 2008** why this action should not be dismissed for lack of subject matter jurisdiction.  Submission of an Amended Complaint addressing the above concerns – relating to the citizenship of Plaintiff and Defendant *and* why certain CAFA exceptions do not apply – will satisfy this Order.

      IT IS SO ORDERED.